Joel T. Zenger (#8926)
Ryan K. Done (#10244)
**MILLER GUYMON, P.C.**
165 Regent Street
Salt Lake City, Utah 84111
Telephone: (801) 363-5600
Facsimile: (801) 363-5601

David Bolton (*Admitted Pro Hac Vice*)
**DAVID BOLTON, P.C.**
666 Old Country Road, Suite 509
Garden City, New York 11530
Telephone: (516) 222-0600
Facsimile: (516) 222-1110

Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **THE BRECKENRIDGE FUND, LLC,**<br>**a New York limited liability company;**<br><br>**Plaintiff,**<br><br>vs.<br><br>**FONIX CORPORATION, a Delaware**<br>**corporation; FONIX SPEECH, INC., a**<br>**Delaware corporation; THOMAS A.**<br>**MURDOCK, an individual; ROGER D.**<br>**DUDLEY, an individual; JEFFREY M.**<br>**JONES, an individual, and DURHAM**<br>**JONES & PINEGAR, P.C., a Utah**<br>**Professional Corporation;**<br><br>**Defendants.** | **AMENDED COMPLAINT**<br><br><br>**Case No. 02-07-CV-279**<br><br>**Honorable Tena Campbell** |

The Breckenridge Fund, LLC ("Breckenridge" or "Plaintiff"), by and through its

undersigned counsel of record, hereby complains of, and alleges against, defendants Fonix

Corporation ("Fonix Corp."), Fonix Speech, Inc. ("Fonix Speech"), Thomas A. Murdock

("Murdock"), Roger D. Dudley ("Dudley"), Jeffrey M. Jones ("Jones"), and Durham Jones &

Pinegar, P.C. ("Durham Jones")(collectively, the "Defendants") as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Breckenridge is a New York limited liability company.

2.    Fonix Corp. is a Delaware corporation with its principal place of business located

in Salt Lake County, Utah.

3.    Fonix Speech is a Delaware corporation with its principal place of business

located in Salt Lake County, Utah.

4.    Upon information and belief, Murdock is an individual residing in Utah and a

director and president of Fonix Corp. and Fonix Speech.

5.    Upon information and belief, Dudley is an individual residing in Utah and a

director and vice president of Fonix Corp. and Fonix Speech.

6.    Upon information and belief, Jones is an individual residing in Utah.

7.    Upon information and belief, Jones is an officer of Fonix Speech.

8.    Upon information and belief, Durham Jones is a Utah professional corporation

organized and existing under the laws of the State of Utah and organized for the practice of law.

9.    Upon information and belief, Jones is an officer, director and shareholder of

Durham Jones.

10.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332 inasmuch as (a) Breckenridge

is a New York limited liability company and Defendants are either foreign corporations with

their principal places of business located in the State of Utah or residents of the State of Utah,

2

and (b) the amount in controversy in this matter exceeds $75,000.  No member of The Breckrenridge Fund, LLC is a citizen of the state of Delaware or Utah.

11.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the allegations contained in this Complaint arose in the judicial district.

## GENERAL ALLEGATIONS

12.     On or about December 31, 2003, Breckenridge purchased from Fonix Corp. 3,250 shares of Series I 8% Convertible Preferred Stock (the "Shares"), with a stated value of $1,000 per share, for an aggregate purchase price of $3,250,000.

13.     The Shares were convertible upon notice from Breckenridge into shares of Fonix Corp.'s common stock ("Conversion Shares").

14.     Pursuant to the terms of the transaction, Fonix Corp. was obligated to deliver the Conversion Shares to Breckenridge within three (3) trading days after a conversion notice was issued by Breckenridge.

15.     When Fonix Corp. failed to deliver Conversion Shares to Breckenridge after notice was issued, a series of lawsuits were initiated against Fonix Corp. in the State of New York.  Those lawsuits ultimately were resolved by a written Settlement Agreement by and between Fonix Corp. and Breckenridge, wherein Fonix Corp. agreed to pay Breckenridge the sum of $3,700,000.

## THE FIRST LAWSUIT

16.     On or about November 15, 2004, Breckenridge commenced an action

(hereinafter, the "First Lawsuit") against Fonix Corp. in the Supreme Court of the State of New

York, Nassau County.

17.     In the First Lawsuit, Breckenridge sought injunctive relief directing Fonix Corp.

to deliver Conversion Shares, compensatory damages of not less than $4,000,000 based on Fonix

Corp.'s failure to deliver Conversion Shares, and punitive damages of not less than $10,000,000.

18.     When Fonix Corp. agreed to deliver the Conversion Shares then at issue to

Breckenridge, the First Lawsuit was resolved and withdrawn, without prejudice, by a stipulation

entered into between Breckenridge and Fonix Corp. in or about December 2004.

## THE SECOND LAWSUIT

19.     In November 2004, Breckenridge filed a second lawsuit against Fonix Corp.

(hereinafter, the "Second Lawsuit") in the Supreme Court of the State of New York, Nassau

County.

20.     On November 23, 2004, Breckenridge served and filed an Amended Complaint in

the Second Lawsuit seeking to recover compensatory damages of $585,000, on account of

liquidated damages due under certain contracts between Breckenridge and Fonix Corp.

21.     Breckenridge also sought to foreclose on collateral which Fonix Corp. had

pledged to Breckenridge.  Specifically, the collateral Fonix Corp. pledged to Breckenridge

included the following: all of Fonix Corp.'s intellectual property assets, which included, but was

not limited to, all of the software intellectual property, copyrights, copyright licenses, patents,

4

patent licenses, trademarks, trademark licenses, and trade secrets of Fonix Corp. (the "Collateral").

**THE THIRD LAWSUIT**

22.     In March 2005, Breckenridge commenced a third action against Fonix Corp. (hereinafter, the "Third Lawsuit") in the Supreme Court of the State of New York, Nassau County.  This action was brought because Fonix Corp. once again failed and refused to deliver Conversion Shares as and when due to Breckenridge.

23.     In the Third Lawsuit, Breckenridge sought injunctive relief directing Fonix Corp. to issue Conversion Shares, compensatory damages totaling $7,500,000 based on Fonix Corp.'s failure to issue Conversion Shares, and punitive damages of not less than $10,000,000.

24.     On June 8, 2005, the Court granted Breckenridge's motion for partial summary judgment to the extent that the Court directed that Fonix Corp. was obligated to honor conversion notices that Breckenridge issued and that Breckenridge was entitled to recover damages for Fonix Corp.'s failure to issue Conversion Shares.  The amount of Breckenridge's damages was deferred for trial.

25.     The Court set the Third Lawsuit for trial in August, 2005.  The trial was subsequently adjourned to September 12, 2005.

**THE SETTLEMENT AGREEMENT AND THE SETTLEMENT PAYMENTS**

26.     On September 13, 2005, Breckenridge and Fonix Corp. executed a settlement agreement (hereinafter, the "Settlement Agreement") which was intended to resolve all

remaining issues pending in the Second Lawsuit and the Third Lawsuit and to provide payment to Breckenridge in an agreed amount.

27.     Pursuant to the terms of the Settlement Agreement, Fonix Corp. agreed to pay Breckenridge the total sum of $3,700,000 as follows: $1,600,000 within ten days after the execution of the Settlement agreement followed by fourteen months of installment payments (the "Installment Payments").

28.     The Installment Payments consisted of six (6) monthly payments of $130,000 each, commencing on November 15, 2005, followed by eight (8) monthly payments of $165,000 each.

29.     Fonix Corp. made the initial payment of $1,600,000, but thereafter failed to make most of the required Installment Payments.

30.     Specifically, Fonix Corp. made just four (4) of the $130,000 Installment Payments and two (2) partial payments of $25,000 each.

31.     Fonix Corp. failed to pay Breckenridge the remaining $1,530,000 in principal owing under the terms of the Settlement Agreement.

### THE FOURTH LAWSUIT AND THE JUDGMENT AGAINST FONIX CORP.

32.     On or about June 5, 2006, Breckenridge filed a fourth action (hereinafter, the "Fourth Lawsuit") against Fonix Corp. based on Fonix Corp.'s failure to comply with the Settlement Agreement.

33.     On February 2, 2007, the Court granted Breckenridge's summary judgment motion in the Fourth Lawsuit.

34.     On or about March 15, 2007, the Supreme Court of the State of New York,

Nassau County, entered a judgment in the amount of $1,601,735.00 in favor of Breckenridge

(hereinafter, the "Foreign Judgment").

35.     On or about April 10, 2007, a Notice of Filing of the Foreign Judgment was filed

in the Third District Court in and for Salt Lake County, State of Utah.

**DEFENDANTS' CONCERN ABOUT THE DEBTS
OWED TO THEM AND THE POTENTIAL LOSS OF
THE BENEFITS THEY WERE RECEIVING, THE FORMATION
OF FONIX SPEECH, AND THE TRANSFER OF FONIX CORP.'S
INTELLECTUAL PROPERTY AND OTHER ASSETS TO FONIX SPEECH**

36.     Upon information and belief, in or about 2005 and 2006 Fonix Corp. was

indebted to Durham Jones.

37.     Upon information and belief, in 2005 and 2006 Fonix Corp. was a lucrative

source of business for Durham Jones and Jones.

38.     Upon information and belief, in or about 2005 and 2006 Fonix Corp. was

indebted to Murdock and Dudley.

39.     Upon information and belief, in or about 2005 and 2006, Murdock and Dudley

were receiving compensation, remuneration and other valuable benefits from Fonix Corp., as

employees, officers and directors thereof, and otherwise.

40.     Upon information and belief, not later than November, 2005 Fonix, Murdock,

Dudley, Durham Jones, and Jones knew that Fonix Corp. would be unable to make some or all of

the Installment Payments as and when due under the Settlement Agreement, on a timely basis or

otherwise.

41.     Upon information and belief, in 2005 and 2006 Murdock, Dudley, Jones and Durham Jones were concerned that Fonix Corp. would be unable to continue in business and/or to pay its debts and obligations as they came due, including the obligations owed to Murdock, Dudley and Durham Jones.

42.     Upon information and belief, Murdock and Dudley were concerned that, in the event that Fonix Corp. ceased operations, as a result of the failure to make the Installment Payments or otherwise, they no longer would receive the benefits they were receiving from Fonix Corp.

43.     Upon information and belief, in or about 2005 and 2006, Jones and Durham Jones were concerned that they would lose a valuable source of business in the event that Fonix Corp. ceased operations, as a result of the failure to make the Installment Payments or otherwise.

44.     Upon information and belief, in 2005 and 2006 the intellectual property relating to Fonix Corp.'s so-called "speech" and "speech related assets," and the ongoing business, contracts, contacts, and good will attendant thereto, were valuable assets.

45.     Upon information and belief, at a time yet unknown to the Plaintiff, the Defendants, acting individually and in concert with each other, formed a conspiracy whose object was to transfer assets from Fonix Corp. to another entity in order to prevent, or at least to delay and hinder, Breckenridge from collecting the Installment Payments and/or from enforcing a judgment entered against Fonix Corp. arising from the failure to make the Installment Payments.

46.     Upon information and belief, in an effort to, and with actual intent to, delay, hinder or defraud Plaintiff, on or about February 1, 2006, Fonix Corp., through the assistance and work of Murdock, Dudley, Jones, and Durham Jones, created Fonix Speech and acted in concert and conspired to transfer to Fonix Speech all of Fonix Corp.'s intellectual property, including its speech and speech related assets, and some or all of Fonix Corp.'s other assets, including but not limited to, accounts receivable, contract rights, good will, work in process, and contracts.

47.     From and after the transfer of assets from Fonix Corp. to Fonix Speech, all business which previously was done by Fonix Corp. is being done by Fonix Speech and all revenues previously earned by Fonix Corp. now are earned by Fonix Speech.

48.     Following the transfer, Fonix Corp. become a mere shell which conducts no ongoing business.

49.     Upon information and belief, Fonix Speech did not provide reasonably equivalent value to Fonix Corp. for the assets that it received from Fonix Corp.

50.     According to Fonix Corp.'s public filings, Fonix Speech recently raised approximately $1.25 million dollars, but because of the transfer of all Fonix Corp.'s assets to Fonix Speech, that asset cannot be obtained by Breckenridge to satisfy its judgment.

51.     But for the transfer of assets from Fonix Corp. to Fonix Speech, which was done for little or no consideration, the assets which now exist at the Fonix Speech level, including the monies recently raised by Fonix Speech, and the other assets, would have been available to Breckenridge to satisfy the judgment.

52.     According to Fonix Corp.'s public filings, Fonix Speech paid Fonix Corp.
approximately $450,000 of the $1.25 million Fonix Speech raised.

53.     Fonix Corp. did not pay any of that $450,000 to pay Plaintiff, a judgment creditor.

54.     Fonix Corp. used some or all of the $450,000 to pay an antecedent debt owed to
Durham Jones.

55.     Upon information and belief and based upon a review of filings Fonix Corp. has
made with the Securities and Exchange Commission ("SEC"), at all times relevant hereto,
including in 2005 and 2006, Fonix Corp.'s debts outweighed, and at the time of the creation of
Fonix Speech and the transfer of assets from Fonix Corp. to Fonix Speech outweighed, its assets,
and Fonix Corp. was unable to pay its debts as they became due, rendering Fonix Corp.
insolvent.

56.     Upon information and belief and based upon a review of filings Fonix Corp. has
made with the Securities and Exchange Commission ("SEC"), at all times relevant hereto, Fonix
Speech's debts outweighed its assets, and Fonix Speech is, and has been, unable to pay its debts
as they became due, rendering Fonix Speech insolvent.

### FIRST CLAIM FOR RELIEF
**(Fraudulent Transfer, Actual Intent to Hinder, Delay, or Defraud (Utah Code Ann. § 25-6-5(1)(a))—Against Fonix Corp., Fonix Speech, Murdock, Dudley, Jones, and Durham Jones)**

57.     Breckenridge hereby incorporates the preceding paragraphs as though fully set
forth herein.

58.     Defendant Roger Dudley signed the Settlement Agreement on behalf of Fonix
Corp.

59.     In September, 2005 and thereafter, Defendants Dudley, Murdoch, Jones, Durham Jones, and Fonix Corp. all were aware of the Settlement Agreement and its terms.

60.     Defendants Dudley, Murdoch, Jones, Durham Jones, and Fonix Corp. knew, not later than November, 2005, that Fonix Corp. would not be able to make some or all of the payments due to Breckenridge pursuant to the Settlement Agreement.

61.     In an e-mail dated on or about December 19, 2005, Roger Dudley, on behalf of Fonix Corp. acknowledged that Fonix Corp. had not made the December 15, 2005 payment due under the Settlement Agreement and stated that Fonix Corp. "will not make the pmt until the S-1 on the 7th equity line is declared effective."

62.     Upon information and belief, the "7th equity line" referred to in Mr. Dudley's e-mail never was declared effective.

63.     At the time that Defendants created Fonix Speech and transferred assets from Fonix Corp. to Fonix Speech, the Defendants were aware of the Settlement Agreement and Fonix Corp.'s obligations thereunder.

64.     At the time that Defendants created Fonix Speech and conspired to transfer, and participated in the transfer of, assets from Fonix Corp. to Fonix Speech, the Defendants were aware that Fonix Corp. would be unable to make the payments as and when due under the Settlement Agreement and/or they were aware that Fonix Corp.'s ability to continue in business was in substantial doubt.

65.     At the time that Defendants created Fonix Speech and conspired to transfer, and participated in the transfer of, assets from Fonix Corp. to Fonix Speech, the defendants knew that

a judgment in Plaintiff's favor on account of the obligations Fonix Corp. undertook in the

Settlement Agreement would jeopardize Fonix Corp.'s ability, among other things: (i) to remain

in business, (ii) to pay defendants Murdock, Jones and Durham Jones the amounts then owed to

them; (iii) to continue as a source of revenue for Defendants Jones and Durham Jones; and (iv) to

continue to provide Defendants Murdoch and Dudley the salary, perquisites and other benefits

provided to them.

      66.     As set forth above, Defendants, and each of them, participated in the fraudulent

transfer of assets from Fonix Corp. to Fonix Speech.

      67.     As set forth above, Defendants, and each of them, conspired to transfer assets

from Fonix Corp. to Fonix Speech for the purpose of delaying, hindering and defrauding the

Plaintiff.

      68.     Fonix Corp., while a debtor to Breckenridge and through the work and assistance

of Murdock, Dudley, Jones and Durham Jones, transferred Fonix Corp.'s most valuable assets,

namely the "speech" assets, good will, accounts receivable, and on-going business contracts and

contacts, to the newly-created Fonix Speech with the actual intent to delay, hinder, or defraud

Breckenridge in its ability to receive monies owed to it, including the Installment Payments

pursuant to the terms of the Settlement Agreement, so that defendants could continue to enjoy,

for as long as possible, the benefits they were receiving from Fonix Corp.

      69.     Breckenridge has been damaged as a result of the Defendants' conduct because,

as a result of the Defendants' conduct, Fonix Corp. is, and will continue to be, unable to satisfy

the judgment Breckenridge has obtained against it.

70.     Breckenridge is entitled to (i) an Order avoiding all transfers of assets from Fonix Corp. to Fonix Speech to the extent necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (ii) an attachment of the assets transferred to Fonix Speech to secure satisfaction of Breckenridge's judgment against Fonix Corp.; (iii) in equity, an Order that Fonix Speech holds the assets and funds transferred from Fonix Corp. to Fonix Speech, and all enhancements thereof, all accretions thereto, and the proceeds thereof, in trust for the benefit of the Plaintiff as necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (iv) a judgment against Fonix Corp., Fonix Speech, Murdock, Dudley, Jones and Durham Jones, in an amount equal to the value of the assets transferred from Fonix Corp. to Fonix Speech; (v) an Order permitting Plaintiff to enforce the judgment it has obtained against Fonix Corp. against the assets of Fonix Speech; and/or (iv) such other relief as the Court deems proper under the circumstances.

71.     Breckenridge also is entitled to an award of punitive damages, against all defendants, jointly and severally, in the amount of $3,000,000.

### SECOND CLAIM FOR RELIEF
**(Fraudulent Transfer—Failure to Receive Reasonably Equivalent Value
(Utah Code Ann. § 25-6-5(1)(b))—Against Fonix Corp., Fonix Speech, Murdock,
Dudley, Jones and Durham Jones)**

72.     Breckenridge hereby incorporates the preceding paragraphs as though fully set forth herein.

73.     Defendant Fonix Corp., through the conspiracy, work and assistance of Murdock, Dudley, Jones, and Durham Jones, transferred all or substantially all of its assets, including the

voice recognition intellectual property and ongoing business, to the newly-created Fonix Speech

without receiving a reasonably equivalent value from Fonix Speech in exchange for the valuable

intellectual property and other assets that Fonix Speech received.

74.     At the time of the transfer, Fonix Corp. intended to incur, or believed or

reasonably should have believed that it would incur, debts beyond its ability to pay as they

became due, including but not limited to, debts to the Plaintiff and to others.

75.     At the time of the transfer, Fonix Corp. was engaged or was about to engage in a

business or transaction for which its remaining assets were unreasonably small in relation to the

business or transaction.

76.     Breckenridge has been damaged as a result of the Defendants' conduct because,

as a result of the Defendants' conduct, Fonix Corp. is, and will continue to be, unable to satisfy

the judgment Breckenridge has obtained against it.

77.     Breckenridge is entitled to (i) an Order avoiding all transfers of assets from Fonix

Corp. to Fonix Speech to the extent necessary to satisfy Breckenridge's judgment and claims

against Fonix Corp.; (ii) an attachment of the assets transferred to Fonix Speech to secure

satisfaction of Breckenridge's judgment against Fonix Corp.; (iii) in equity, an Order that Fonix

Speech holds the assets and funds transferred from Fonix Corp. to Fonix Speech, and all

enhancements thereof, all accretions thereto, and the proceeds thereof, in trust for the benefit of

the Plaintiff as necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (iv)

a judgment against Fonix Corp., Fonix Speech, Murdock, Dudley, Jones and Durham Jones, in

an amount equal to the value of the assets transferred from Fonix Corp. to Fonix Speech; (v) an

14

order permitting Plaintiff to enforce the judgment it has obtained against Fonix Corp. against the

assets of Fonix Speech; and/or (iv) such other relief as the Court deems proper under the

circumstances.

78.     Breckenridge also is entitled to an award of punitive damages, against all

defendants, jointly and severally, in the amount of $3,000,000.

### THIRD CLAIM FOR RELIEF
**(Fraudulent Transfer—Failure to Receive Reasonably Equivalent Value and Debtor
Insolvent (Utah Code Ann. § 25-6-6(1))—Against Fonix Corp., Fonix Speech, Murdock,
Dudley, Jones and Durham Jones)**

79.     Breckenridge incorporates by reference the preceding paragraphs as though fully

set forth herein.

80.     Fonix Corp., Murdock, Dudley, Jones and Durham Jones participated in the

transfer of, and conspired to transfer, valuable assets of Fonix Corp. to Fonix Speech in order to

avoid Fonix Corp.'s obligations to Breckenridge and so that they could obtain repayment of

monies due to them and to continue to enjoy, for as long as possible, the benefits they had been

receiving from Fonix Corp.

81.     Breckenridge's claims against Fonix Corp. arose before Fonix Corp., Murdock,

Dudley, Jones and Durham Jones conspired to transfer, and participated in the transfer of, Fonix

Corp.'s assets to Fonix Speech.

82.     Defendant Fonix Corp., through the conspiracy, work and assistance of Murdock,

Dudley, Jones, and Durham Jones, transferred all or substantially all of its assets, including the

voice recognition intellectual property and the ongoing business and good will of Fonix Corp., to

the newly-created Fonix Speech without receiving a reasonably equivalent value from Fonix Speech in exchange for the valuable intellectual property and other assets that Fonix Speech received.

83.    Fonix Corp.'s public filings clearly indicate that Fonix Corp. was insolvent at the time of the transfer, or became insolvent as a result of its transfer of the assets to Fonix Speech.

84.    Breckenridge has been damaged as a result of the Defendants' conduct because, as a result of the Defendants' conduct, Fonix Corp. is, and will continue to be, unable to satisfy the judgment Breckenridge has obtained against it.

85.    Breckenridge is entitled to (i) an Order avoiding all transfers of assets from Fonix Corp. to Fonix Speech to the extent necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (ii) an attachment of the assets transferred to Fonix Speech to secure satisfaction of Breckenridge's judgment against Fonix Corp.; (iii) in equity, an Order that Fonix Speech holds the assets and funds transferred from Fonix Corp. to Fonix Speech, and all enhancements thereof, all accretions thereto, and the proceeds thereof, in trust for the benefit of the plaintiff as necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (iv) a judgment against Fonix Corp., Fonix Speech, Murdock, Dudley, Jones and Durham Jones, in an amount equal to the value of the assets transferred from Fonix Corp. to Fonix Speech; (v) an order permitting Plaintiff to enforce the judgment it has obtained against Fonix Corp. against the assets of Fonix Speech; and/or (iv) such other relief as the Court deems proper under the circumstances.

86.     Breckenridge also is entitled to an award of punitive damages, against all defendants, jointly and severally, in the amount of $3,000,000.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Transfer—Failure to Receive Reasonably Equivalent Value and Debtor Insolvent (Utah Code Ann. § 25-6-6(1))—Against Murdock and Dudley)

87.     Breckenridge incorporates by reference the preceding paragraphs as though fully set forth herein.

88.     Fonix Corp., from time to time, has transferred property and assets to defendants Dudley and Murdock, including but not limited to the alleged grant of a security interest in certain assets of Fonix Corp. and/or Fonix Speech.

89.     According to public filings Fonix Corp. has made with the SEC, as of December 31, 2006 Fonix Corp. is indebted to defendants Murdock and Dudley in the sum of $800,000.

90.     According to public filings Fonix Corp. has made with the SEC, the amount due to defendants Murdock and Dudley is secured by Fonix Corp.'s assets, including the stock of Fonix Speech.

91.     Defendant Fonix Corp. granted defendants Murdock and Dudley a security interest in its assets, including the stock of Fonix Speech, without receiving a reasonably equivalent value from defendants in exchange for the transfer of the security interest.

92.     At the time of the transfer(s) Fonix Corp. intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

93.     At the time of the transfer(s) Fonix Corp. was insolvent.

17

94.     Breckenridge is entitled to an Order avoiding all transfers of security interests from Fonix Corp. to defendants Murdock and Dudley.

95.     Breckenridge also is entitled to an award of punitive damages, against all defendants, jointly and severally, in the amount of $3,000,000.

## FIFTH CLAIM FOR RELIEF
**(Transfer to Insider (Utah Code Ann. § 25-6-6(2))—Against Murdock, Dudley and Durham Jones)**

96.     Breckenridge incorporates by reference the preceding paragraphs as though fully set forth herein.

97.     Fonix Corp., from time to time, has transferred property and assets to defendants Dudley, Murdock and Durham Jones, including but not limited to the alleged grant of a security interest in certain assets of Fonix Corp. and/or Fonix Speech and other payments, all on account of antecedent debts.

98.     Durham Jones has been the general outside counsel to Fonix Corp. for in excess of five years.

99.     Jeffrey M. Jones is an officer of Fonix Speech.

100.     Jones and Durham Jones have, and for in excess of five years have had, a close and intimate professional relationship with defendants Fonix Corp., Murdock and Dudley.

101.     Jones and Durham Jones have, and for many years have been, privy to material non-public information about Fonix Corp.

102.    Durham Jones has, for many years, extended substantial credit to Fonix Corp. by permitting Fonix Corp. to delay payment for legal work Durham Jones performed for Fonix Corp.

103.    By reason of the foregoing, Jones and Durham Jones are able to exert influence over Fonix Corp., Murdock and Dudley.

104.    As alleged above, Fonix Speech recently paid $450,000 to Fonix Corp., allegedly in consideration for Fonix Corp. agreeing to issue shares of stock of Fonix Corp. to an investor in Fonix Speech.

105.    Upon information and belief, the $450,000 was grossly excessive compensation for the obligation Fonix Corp. undertook.

106.    Upon information and belief, Jones and Durham Jones participated in, and influenced, the decisions of Fonix Corp. and Fonix Speech (to the extent Fonix Speech made any independent decisions, which is not conceded) about how much to pay to Fonix Corp.

107.    Upon information and belief, Jones and Durham Jones used their position of influence in order to cause Fonix Speech to pay monies to Fonix Corp. so that those monies could then be used to satisfy the antecedent debt owed to Durham Jones.

108.    Upon information and belief, Jones and Durham Jones used their position of influence in order to cause Fonix Corp. to make payments to Durham Jones instead of other creditors, including the Plaintiff.

109.    By reason of their positions with Fonix Corp. defendants Murdock and Dudley are "insiders" of Fonix Corp. within the meaning of the Uniform Fraudulent Transfer Act.

110.    By reason of their ability to influence Fonix Corp., and the other facts alleged herein, defendants Jones and Durham Jones are "insiders" of Fonix Corp. within the meaning of the Uniform Fraudulent Transfer Act.

111.    Defendants Murdock, Dudley, Jones and and Durham Jones knew, at the time they received the payments sought to be avoided herein, that Fonix Corp. was insolvent.

112.    Breckenridge is entitled to an Order avoiding all transfers from Fonix Corp. to defendants Murdock, Dudley and Durham Jones which were made on account of antecedent debts during the period permitted by the Court.

## SIXTH CLAIM FOR RELIEF
### (Equitable Subordination—Against Fonix Corp., Fonix Speech, Murdock, and Dudley)

113.    Breckenridge incorporates by reference the preceding paragraphs as though fully set forth herein.

114.    Upon information and belief Murdock and Dudley claim to have a first priority lien on the assets of Fonix Speech and/or the stock of Fonix Speech owned by Fonix Corp. in the amount of $800,000 that is superior to any interest Breckenridge may have in Fonix Speech's assets and/or the stock of Fonix Speech owned by Fonix Corp.

115.    Defendants have engaged in inequitable conduct as set forth in the above allegations of fraudulent transfer, which requires any security interest that Murdock and Dudley allegedly have in the assets of Fonix Speech to be subordinate to Breckenridge's interest.

116.    Additionally, the $800,000 security interest is not supported by valid consideration and/or was created subsequent to Breckenridge's claims, which entitles Breckenridge to equitable subordination of Murdock's and Dudley's lien.

117.    Breckenridge is entitled to an Order ruling that any security interest Murdock and Dudley have in Fonix Speech's assets is subordinate to Breckenridge's interest in Fonix Corp.'s assets that have been fraudulently transferred to Fonix Speech.

## SEVENTH CLAIM FOR RELIEF
### (Award of Attorneys Fees—Against Fonix Corp., Fonix Speech, Murdock, Dudley, Jones and Durham Jones)

118.    Breckenridge incorporates by reference the preceding paragraphs as though fully set forth herein.

119.    Defendants knew, or should have known, that their actions alleged herein would cause Breckenridge to incur legal fees, including legal fees incurred in this action.

120.    Breckenridge has incurred, and will continue to incur, legal fees and other costs as a natural consequence of the defendants' wrongful conduct as alleged herein.

121.    Breckenridge is entitled to an award of the attorney's fees and other costs it has incurred in pursuing this action and each part hereof.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

A.    On the First Claim for Relief: (i) an Order avoiding all transfers of assets from Fonix Corp. to Fonix Speech to the extent necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (ii) an attachment of the assets transferred to Fonix Speech to secure

satisfaction of Breckenridge's judgment against Fonix Corp.; (iii) in equity, an Order that Fonix

Speech holds the assets and funds transferred from Fonix Corp. to Fonix Speech, and all

enhancements thereof, all accretions thereto, and the proceeds thereof, in trust for the benefit of

the plaintiff as necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (iv)

a judgment against Fonix Corp., Fonix Speech, Murdock, Dudley, Jones and Durham Jones, in

an amount equal to the value of the assets transferred from Fonix Corp. to Fonix Speech; (v) an

order permitting plaintiff to enforce the judgment it has obtained against Fonix Corp. against the

assets of Fonix Speech; and/or (iv) such other relief as the Court deems proper under the

circumstances; Breckenridge requests an award of punitive damages, against all defendants,

jointly and severally, in the amount of $3,000,000;

      B.      On the Second Claim for Relief: (i) an Order avoiding all transfers of assets from

Fonix Corp. to Fonix Speech to the extent necessary to satisfy Breckenridge's judgment and

claims against Fonix Corp.; (ii) an attachment of the assets transferred to Fonix Speech to secure

satisfaction of Breckenridge's judgment against Fonix Corp.; (iii) in equity, an Order that Fonix

Speech holds the assets and funds transferred from Fonix Corp. to Fonix Speech, and all

enhancements thereof, all accretions thereto, and the proceeds thereof, in trust for the benefit of

the plaintiff as necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (iv)

a judgment against Fonix Corp., Fonix Speech, Murdock, Dudley, Jones and Durham Jones, in

an amount equal to the value of the assets transferred from Fonix Corp. to Fonix Speech; (v) an

order permitting plaintiff to enforce the judgment it has obtained against Fonix Corp. against the

assets of Fonix Speech; and/or (iv) such other relief as the Court deems proper under the

circumstances; Breckenridge requests an award of punitive damages, against all defendants, jointly and severally, in the amount of $3,000,000;

C.    On the Third Claim for Relief: (i) an Order avoiding all transfers of assets from Fonix Corp. to Fonix Speech to the extent necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (ii) an attachment of the assets transferred to Fonix Speech to secure satisfaction of Breckenridge's judgment against Fonix Corp.; (iii) in equity, an Order that Fonix Speech holds the assets and funds transferred from Fonix Corp. to Fonix Speech, and all enhancements thereof, all accretions thereto, and the proceeds thereof, in trust for the benefit of the plaintiff as necessary to satisfy Breckenridge's judgment and claims against Fonix Corp.; (iv) a judgment against Fonix Corp., Fonix Speech, Murdock, Dudley, Jones and Durham Jones, in an amount equal to the value of the assets transferred from Fonix Corp. to Fonix Speech; (v) an order permitting plaintiff to enforce the judgment it has obtained against Fonix Corp. against the assets of Fonix Speech; and/or (iv) such other relief as the Court deems proper under the circumstances; Breckenridge requests an award of punitive damages, against all defendants, jointly and severally, in the amount of $3,000,000;

D.    On the Fourth Claim for Relief, for a judgment setting aside any transfers from Fonix Corp. to defendants Dudley and Murdock and entering judgment against these defendants as necessary and appropriate, including an award of punitive damages;

E.    On the Fifth Claim for Relief, for a judgment setting aside any transfers from Fonix Corp. to defendants Dudley, Murdock and/or Durham Jones which were made on account of antecedent debts and entering judgment against these defendants as necessary and appropriate;

F.      On the Sixth Claim for Relief, for a judgment that any security interest granted to defendants Murdock and/or Dudley is subordinate to the claims of the plaintiff;

G.      On the Seventh Claim for Relief, judgment in the amount of the reasonable costs, disbursements and attorney's fees plaintiff has incurred in this action; and

H.      For such further and equitable relief as the Court deems just and equitable, including attorney's fees, interest, and costs.

DATED this 23th day of May, 2007.

David Bolton, P.C.

By: _____

David Bolton (admitted pro hac vice)

-and-

Miller Guymon, P.C.
   Blake D. Miller
   Joel T. Zenger
   Ryan K. Done

*Attorneys for Plaintiff Breckenridge Fund, LLC*

Plaintiff's Address:

The Breckenridge Fund, LLC
100 Jericho Quandrangle, Suite 335
Jericho, New York 11753

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2007, I electronically filed the

foregoing **Amended Complaint** with the Clerk of the Court using the CM/ECF

System which sent notification of such filing to the following:

David W. Tufts                          Jeremy Hoffman
DURHAM JONES & PINEGAR                   YOUNG HOFFMAN STRASSBERG & ENSOR
111 E. Broadway, Suite 900              170 S Main Street, Suite 1125
Salt Lake City, Utah 84111             Salt Lake City, Utah 84101

David Bolton

1